ALEXANDER CRAMER, Respondent, v. HENRY S. MACK ET AL., Appellants.

### April 6, 1880.

1. In an action for the breach of a contract of hiring, the burden is on the plaintiff to show his readiness to perform the service for which he was employed.

2. Where a servant is discharged for failure to perform his duty, the master is not guilty of a breach of the contract of hiring.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

NOBLE & ORRICK, for the appellants.

J. LA DUE, for the respondent.

HAYDEN, J., delivered the opinion of the court.

The plaintiff alleges that the defendants employed him as travelling salesman, and otherwise, for one year from August 1, 1877, at $1,800; that accordingly he served until the 7th of May, 1878, when, without cause or provocation, the defendants discharged him, and refused to allow him to continue in their employ. The plaintiff avers that he has at all times been willing to perform his contract, and asks judgment for the balance unpaid. The answer is a general denial.

There was evidence tending to show that the plaintiff was hired for a year at $1,800, and, on the defendants' part, evidence tending to show that he was hired by the month, at $100 a month. There was further evidence tending to show

that in May, 1878, the plaintiff being requested, in continuance of his services, to travel as salesman in Kansas or Illinois, refused to do so ; and that it was upon his refusal to continue to serve that he was discharged by the defendants. The jury found for the plaintiff.

The instructions given by the court were incorrect in this respect : that they ignored the material issue whether the plaintiff was ready and willing to perform his part of the contract, and whether his discharge proceeded, or not, from his own fault. The plaintiff does not sue for services rendered, but for breach of contract, — seeking to recover for services which were never rendered, — and the burden is on him to prove that he offered, or was ready to render the services, and thus did not fail through his own fault. The mere allegation of a discharge in the petition cannot relieve him from making out a *prima facie* case. Under the issues, moreover, the discharge was denied ; and the burden of proving the discharge — that is, a discharge without fault on the part of the plaintiff — was on that party whose business it was to make out his case. To speak accurately, moreover, there is no discharge, in legal contemplation, where the servant hired for a given time refuses, during that time, to do the work for which he was hired. It is not the master who puts an end to the contract, but the servant, who abandons the service and then sues for wages which he has refused to earn.

It was inconsistent to admit the evidence tending to show that the plaintiff refused to do his work, and then to exclude the material issue presented in the defendants' instruction.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs ; Judge LEWIS is absent.